**R. L. E. COOK, Appellant,**

v.

**DAMODAR VALLEY CORPORATION**

and

**The Kuljian Corporation, Appellee.**

**No. 14253.**

United States Court of Appeals Third Circuit.

Argued May 7, 1963.

Decided May 23, 1963.

William N. J. McGinniss, Ardmore, Pa., for appellant.

Walter J. Collins, Jr., Philadelphia, Pa. (David F. Maxwell, Philadelphia, Pa., on the brief), for appellee, Kuljian Corp.

Before McLAUGHLIN and FORMAN, Circuit Judges, and COOLAHAN, District Judge.

PER CURIAM.

This is a diversity action which has been proceeded with by the plaintiff against the defendant, The Kuljian Corporation, alone. There was attempted service of process upon defendant Damodar Valley Corporation by serving the defendant, The Kuljian Corporation, as its "agent". Damodar Valley Corporation has never appeared in the suit and there have been no further steps regarding it taken by plaintiff.

The first twelve counts of the complaint stated claims against both defendants for

monies allegedly due plaintiff for structural steel and boiler erection work performed and materials furnished as a subcontractor in the construction of a thermal plant for Damodar Valley Corporation at Bokara, Bihar, India. The 13th and 14th counts alleged tort claims arising out of the first twelve counts. The 15th count alleged slanders by the defendants to plaintiff's title to some real property in India.

Plaintiff conceded that The Kuljian Corporation had no liability under the first twelve counts. These were dismissed on motion of The Kuljian Corporation. The last three counts were also dismissed, subject to leave given plaintiff to amend by stating the dates and places of the charged torts. Such amendment was filed. It alleged that the torts had taken place in India. The defendant's motion to dismiss these counts was renewed. After notice of dismissal for want of prosecution the motion was heard. The district court concluded, inter alia, that the two contracts sued upon contained mandatory provisions for arbitration, that The Kuljian Corporation was entitled to enforce them and that they covered the tort claims. It appeared without dispute that the contracts were both made in India and to be performed in that country.

On the conflict of laws problem as to what law determines the contractual rights and duties here involved, the trial court rightly decided under Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), that Pennsylvania law governs; the court further properly held in accordance therewith that the substantive contract questions were to be determined by the law of India, the place where the agreement was made. McLouth Corporation v. Mesta Machine Co., 214 F.2d 608 (3 Cir. 1954). The court stated that though the pertinent portions of the Indian Arbitration Act of 1940 " * * * appear to establish the enforceability of arbitration agreements." plaintiff was entitled to a hearing regarding this, if desired. There was such hearing at which the only evidence

introduced was the Indian Arbitration Act. The court found that under said Act, " * * * the arbitration provisions of the contracts are valid and binding * * * " and that The Kuljian Corporation was entitled to have the suit stayed pending arbitration of plaintiff's remaining claims.

Our own study of the record satisfies us that from the facts and under the law the action of the district court was fully justified. Its order of September 28, 1962, will be affirmed.